91 F.3d 144
 153 L.R.R.M. (BNA) 2096
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
The OHIO BEEF CORPORATION, Respondent.
 No. 95-5430.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1996.
 
 Before: WELLFORD, NELSON, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 The National Labor Relations Board (the "Board") applied to this court for entry of judgment summarily enforcing its decision and order finding the respondent violated federal labor law and directing the respondent to take certain enumerated remedial steps to correct that violation. The basis for such application was the Board's assertion that the respondent had withdrawn its answer to the charges against it and failed thereafter to contest the charges before the Board, thereby waiving any right to contest enforcement by this court. See 29 U.S.C. § 160(e). The respondent, asserting a generalized claim of extraordinary circumstances excusing its failure to contest the charges, filed a response asking this court to deny enforcement. Observing that the respondent made "no effort to inform the court as to the nature of those circumstances or why they prevented the respondent from filing an answer with the Board," we entered judgment of summary enforcement for the Board. NLRB v. The Ohio Beef Corporation, No. 95-5430, 1995 WL 353546 (6th Cir. June 12, 1995).
 
 
 2
 The respondent thereafter filed a motion for reconsideration, asserting the summary procedures used by the court failed to provide the respondent with an opportunity to present the extraordinary circumstances underlying its opposition to the Board's application. It also argued, for the first time, that various statements made by Board personnel induced it to withdraw its answer to the charges against it with the alleged understanding that the Board would not seek enforcement or impose financial obligations upon the respondent or its officers or directors. To support that assertion, the respondent attached a letter received from a Board field attorney and affidavits from its labor consultant and its legal counsel. The Board opposed reconsideration on grounds the respondent should have raised the above claim at an earlier time and cannot do so now.
 
 
 3
 In light of the above assertions, we conclude that this case, including the issue of extraordinary circumstances, should be briefed by the parties and submitted to a regular hearing panel of the court for review and disposition.
 
 
 4
 It therefore is ORDERED that the motion for reconsideration is granted and the judgment of June 12, 1995, is hereby vacated. The clerk is directed to initiate an appropriate briefing schedule, which shall provide for the filing of any affidavits the Board may wish to submit in response to the respondent's affidavits. As the initial issue in their respective briefs, the parties shall address whether the respondent has met its burden of showing extraordinary circumstances permitting it to challenge the Board's application for summary enforcement. The clerk is further instructed to advance this appeal upon the court's hearing calendar after briefing is completed.